Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYANN E. JONES, | |
| Plaintiff, | Civil Action No. 18-3229 (ES) |
| v. | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

SALAS, DISTRICT JUDGE

Before the Court is Maryann E. Jones's ("Plaintiff's") appeal of the Commissioner of Social Security's (the "Commissioner's" or "Defendant's") decision denying Plaintiff's application for Period of Disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSIB") under Titles II and XVI of the Social Security Act, 42 U.S.C. § 423 ("the Act"). (*See generally* D.E. No. 1). The Court has subject-matter jurisdiction under 42 U.S.C. §§ 405(g) & 1383(c)(3). And the Court decides this matter without oral argument. *See* D.N.J. Civ. R. 78.1(b). For the below reasons, the Court AFFIRMS the decision of the Commissioner.

I.  Factual and Procedural Background

On February 19, 2014, Plaintiff completed applications for DIB and SSIB, alleging disability beginning January 15, 2011. (D.E. No. 5, Administrative Record ("R.") at 190–203). The applications were initially denied in March 2013 and denied again on reconsideration in June 2013. (*Id.* at 121–26 & 129–30). Plaintiff requested a hearing, which was held before Administrative Law Judge Sharon Allard ("the ALJ") on June 11, 2017. (*See id.* at 30–85). The

ALJ issued an unfavorable decision on April 26, 2017, ruling that Plaintiff was not disabled within the meaning of the Act because she "does not have a severe impairment." (*See id.* at 24; *see generally also id.* at 16–29). Plaintiff appealed the unfavorable decision; and the Appeals Council issued a final decision affirming the ALJ's ruling. (*Id.* at 1–7).

Plaintiff filed the instant appeal on March 6, 2018. (*See* D.E. No. 1). The main contention in support of the appeal is that the ALJ's "finding that [Plaintiff] did not suffer from any condition that could be considered 'severe' at Step Two of the sequential evaluation process was not supported by substantial evidence." (D.E. No. 10 ("Pl. Br.") at 12). Defendant filed an opposition brief (D.E. No. 16), to which Plaintiff replied (D.E. No. 17).

## II. Legal Standards

### A. Standards Governing Benefits

To receive DIB or SSIB under the Act, a claimant must show that he is "disabled" within the Act's definition and that he was insured under the relevant program "at the time of onset of his disability." *Kelley v. Barnhart*, 138 F. App'x 505, 507 (3d Cir. 2005). Disability is defined as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). The individual's physical or mental impairment, furthermore, must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

"The Commissioner uses a five-step process when making disability determinations . . . ." *Dellapolla v. Comm'r of Soc. Sec.*, 662 F. App'x 158, 160 (3d Cir. 2016) (citing 20 C.F.R. §§

404.1520 & 416.920).  "The claimant bears the burden of proof for steps one, two, and four [and the] Commissioner bears the burden of proof for the last step."  *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).  If the determination at a particular step is dispositive of whether the claimant is or is not disabled, the inquiry ends.  *See* 20 C.F.R. § 416.920(a)(4).  The Court details the steps below.

*Step One*.  First, the claimant must show that he has not engaged in any substantial gainful activity since the onset date of his severe impairment.  20 C.F.R. §§ 416.920(a)(4)(i) & 404.1520(a)(4)(i).  If an individual engages in substantial gainful activity, he is not disabled under the regulation, regardless of the severity of his impairment or other factors such as age, education, and work experience.  20 C.F.R. §§ 416.920(b) & 404.1520(b).

*Step Two*.  Second, the claimant must show that his medically determinable impairment or a combination of his impairments was "severe" as of the date last insured ("DLI").  20 C.F.R. §§ 416.920(a)(4)(ii) & 404.1520(a)(4)(ii).  A "severe" impairment significantly limits a claimant's physical or mental ability to perform basic work activities.  20 C.F.R. §§ 416.920(c) & 404.1520(c).  An "impairment or combination of impairments" is *not* "severe" *unless* it "significantly limits [the claimant's] physical or mental ability to do basic work activities."  *See, e.g.*, *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (quoting 20 C.F.R. §§ 404.1520(c) & 416.920(c)).

*Step Three*.  Third, the claimant must show, based on medical evidence, that as of the DLI, his impairments met or equaled an impairment listed in the Social Security Regulations' "Listings of Impairments" in 20 C.F.R. § 404, Subpart P, Appendix 1.  *See* 20 C.F.R. §§ 416.920(a)(4)(iii) & 404.1520(a)(4)(iii).

*Step Four*. Fourth, the claimant must show that, as of the DLI, he lacked the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv) & 404.1520(a)(4)(iv); *see, e.g.*, *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). If as of the DLI the claimant lacked the RFC to perform his past relevant work, the analysis proceeds. *See, e.g.*, *id.* at 429.

*Step Five*. Finally, the burden shifts to the Commissioner to show that there is a significant amount of other work in the national economy that the claimant can perform based on his age, education, work experience, and RFC. 20 C.F.R. §§ 416.920(a)(4)(v) & 404.1520(a)(4)(v). If the Commissioner finds that the claimant is capable of performing jobs that exist in significant numbers in the national economy, DIB and SSIB will be denied. *See id.*

    **B.**    **Standard of Review**

The Court "exercise[s] plenary review over legal conclusions reached by the Commissioner." *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). But "[t]he findings of the Commissioner . . . as to any fact, *if supported by substantial evidence*, shall be conclusive . . . ." 42 U.S.C. § 405(g) (emphasis added). "Substantial evidence" is at least more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Chandler*, 667 F.3d at 359. And although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea*, 370 F.3d at 360.

As observed above, the Court is bound by the ALJ's findings of fact if supported by substantial evidence—"even if [the Court] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). (Even an ALJ's "brief treatment" of a claim for benefits, in a manner that "could be improved upon" and would

cause the Court of Appeals to "express concern," could be upheld under the substantial evidence standard. *See, e.g.*, *Baerga v. Richardson*, 500 F.2d 309, 312–13 (3d Cir. 1974) (citing *United States v. Crescent Amusement Co.*, 323 U.S. 173, 185 (1944)).) "Where evidence in the record is susceptible to more than one rational interpretation, [the Court] must accept the Commissioner's conclusions." *Izzo v. Comm'r of Soc. Sec.*, 186 F. App'x 280, 284 (3d Cir. 2006). The Court cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

But "[a]lthough the ALJ . . . weigh[s] the credibility of the evidence, he must give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). Notably, that rule "does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of [the rule] is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett*, 220 F.3d at 120).

### III. The ALJ's Decision

At Step One, the ALJ concluded that Plaintiff had last met the insured status requirements of the Act on September 30, 2015 (the "DLI"); and that Plaintiff had "not engaged in substantial gainful activity" since the alleged onset date of January 15, 2011. (R. at 21).

At Step Two, the ALJ concluded that through the DLI Plaintiff suffered from "the following medically determinable impairments: status post colon cancer, hemicolectomy and 2011 chemotherapy; [and] hypertension." (*Id.*). The ALJ added, however, that "are no diagnoses regarding [Plaintiff]'s complaints of knee pain; back pain; and numbness and tingling in extremities reported as of January 2017." (*Id.* at 22).

5

The ALJ also found that Plaintiff did not have "an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months." (*Id.*). In making this finding, the ALJ considered Plaintiff's reports and testimony about her symptoms; her medical history, including her treatment for colon cancer; and her subsequent medical examinations. (*See id.* at 23). In addition, the ALJ considered the assessments of two State agency physicians that Plaintiff's "medically determinable impairments are not severe" and a medical source statement by Plaintiff's treating physician. (*See id.* at 23–24). Finally, the ALJ evaluated Plaintiff's persuasiveness regarding her "allegations of debilitating symptoms" and concluded that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*See id.* at 24).

Accordingly, the ALJ ruled that Plaintiff "has not been under a disability . . . from January 15, 2011, through the date of th[e] decision." (*Id.*).

**IV.    Discussion**

    **A.    Plaintiff's Arguments**

As noted above, Plaintiff argues that the ALJ's "finding that [Plaintiff] did not suffer from any condition that could be considered 'severe' at Step Two of the sequential evaluation process was not supported by substantial evidence." (Pl. Br. at 12). In support of that conclusion, Plaintiff asserts that her treatment for colon cancer "ha[d] consequences that have resulted in limitations in her ability to function," and those limitations are "significant in their impact on her ability to perform basic work related activities." (*Id.* at 18). Plaintiff cites the symptoms of diarrhea and "numbness, pins and needles sensations, and neuropathy of the hands and feet." (*Id.* at 18–19).

The ALJ, Plaintiff asserts, "improperly discount[ed] the medical evidence of record

[regarding those symptoms] and the opinions and treatment of [Plaintiff] by her physicians." (*See id.* at 19). For instance, Plaintiff submits that the ALJ's "general reference" to Plaintiff's ability to engage in "shopping, using public transportation, and light chores . . . ignores the fact that . . . she does only very small amounts of household cleaning." (*Id.* at 21). Plaintiff also criticizes the ALJ's reliance on the State agency physicians' opinions over Plaintiff's treating physician's opinion because, Plaintiff submits, "[g]eneral references to [the ALJ's] view of the medical evidence is just not good enough." (*See id.* at 21–22). And, finally, Plaintiff takes issue with the ALJ's use of the phrase "total disability." (*See id.* at 21–22).[1]

### B. Analysis

As noted above, a "severe" impairment s*ignificantly limits a claimant's physical or mental ability to perform basic work activities*. 20 C.F.R. §§ 416.920(c) & 404.1520(c); *McCrea*, 370 F.3d at 360. For the following reasons, the Court rules that substantial evidence supported the ALJ's finding that Plaintiff did not meet her burden to show that she suffers from a "severe" impairment.[2]

Here, among other evidence, the ALJ relied on the following evidence:

- Two physicians' opinions that Plaintiff's "medically determinable impairments are not severe," which the ALJ found "consistent with the record as a whole" (R. at 23 (citing R. at 94, 102, 110 & 118));

- Plaintiff's report that she "exercises for 30 minutes daily" and her report of various

---

[1] The Court rejects this argument because an "ALJ, of course, need not employ particular 'magic' words," *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009), as well as for the reasons described below.

[2] Even though "[t]he burden placed on an applicant at step two is not an exacting one," a reviewing court must uphold the ALJ's disposition at this step, like any other step, "if supported by substantial evidence on the record as a whole." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360–61 (3d Cir. 2004) (citing *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

7

"activities of daily living including, shopping, using public transportation, and light chores" (*see id.* at 23–24 (citing R. at 233–39));

- No pain, despite "tingling hands and feet," and "normal range of motion and 5/5 strength in all extremities" during a November 2012 examination (*id.* at 23 (citing R. at 317));

- An additional examination in December 2012 resulting in a report of "no pain" (*id.* (citing R. at 325–31)); and

- The fact that "[f]rom 2013 through 2017, . . . [at] follow up visits [Plaintiff] continued to exhibit no significant findings or limitations with normal physical exam[s]" (*id.* (citing 323–24, 334–45, 380–432, & 437–40)).

"Where evidence in the record is susceptible to more than one rational interpretation, [the Court] *must* accept the [ALJ]'s conclusions." *See Izzo*, 186 F. App'x at 284 (emphasis added). Although Plaintiff *asserts* that the ALJ's conclusions based on the foregoing evidence are "contrary to any reasonable view . . . and cannot be sustained," Plaintiff's broad assertion is unfounded, particularly given two physicians' opinions that directly support the ALJ's conclusions. (*See* R. at 23 (citing R. at 94, 102, 110 & 119)). The ALJ, moreover, explained that she chose to credit the two physicians' opinions because they were "consistent with the record as a whole," including Plaintiff's report of various "activities of daily living including, shopping, using public transportation, and light chores." (*See* R. at 23–24).[3]

Plaintiff, then, apparently asks that the Court *reweigh* the evidence before the ALJ—for instance, to give Plaintiff's physician's opinion greater weight than the opinions of other physicians. (*See, e.g.*, Pl. Br. at 21–22 (criticizing the ALJ's "cho[ice] to rely on the opinions of

---

[3] If "'the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason.'" *See Coleman*, 494 F. App'x at 254 (quoting *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)).

non-examining State Agency" who have "[n]ever seen, treated, or talked to [Plaintiff]")). But as the Court of Appeals has made clear, this Court cannot "weigh the evidence or substitute its conclusions for those of the fact-finder."  *See Williams*, 970 F.2d at 1182.

As the Court observed earlier, even an ALJ's "brief treatment" of a claim for benefits in a manner that "could be improved upon"—or even that is "concern[ing]" to the Court of Appeals—could be upheld under the substantial evidence standard.  *See, e.g.*, *Baerga*, 500 F.2d at 311–13. Here, the ALJ did not treat Plaintiff's claim briefly; and the Court rules that substantial evidence supported the ALJ's finding that Plaintiff did not meet her burden to show that she suffers from an impairment that *significantly limits* her physical or mental ability to perform basic work activities. *See McCrea*, 370 F.3d at 360; *see, e.g.*, *Leonardo v. Comm'r of Soc. Sec.*, No. 10-1498, 2010 WL 4747173, at *4 (D.N.J. Nov. 16, 2010) (citing 20 C.F.R. § 404.1527(b)) ("The ALJ properly made the determination that Plaintiff's [symptoms] are not severe impairments based on all the relevant probative evidence.").

**IV.   Conclusion**

For the above reasons, the Court AFFIRMS the decision of the Commissioner.

An appropriate order will accompany this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
